Homer H. and Ina Mae Marshman v. Commissioner.
Marshman v. Commissioner
Docket No. 61457.
United States Tax Court
T.C. Memo 1958-174; 1958 Tax Ct. Memo LEXIS 52; 17 T.C.M. (CCH) 864; T.C.M. (RIA) 58174; September 19, 1958
*52 William F. Snyder, Esq., for the petitioners. William O. Allen, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in the petitioners' income tax and addition to tax, as follows: Addition
to Tax Under
Year
Deficiency
Sec. 294(d)(2)
1952
$ 7,620.63
1953
24,555.70
$2,106.22
The issue in this case is whether petitioner Ina Mae Marshman realized a longterm capital gain of $1,950 in 1952 and a long-term capital gain of $87,076.55 in 1953 upon the sale of 100 shares and 4,750 shares, respectively, of common stock of The Stouffer Corporation. Findings of Fact Some of the facts have been stipulated and they are so found. Pursuant to a stipulation of the parties, this case and Estate of Gordan A. Stouffer, Deceased, Mark A. Loofbourrow, Executor, Docket No. 63606, where tried on a single record. After the divorce of Gordon Stouffer and Ina Mae Stouffer in June of 1951, related in Docket No. 63606, Ina Mae married Homer H. Marshman and they reside in Cleveland Heights, Ohio. They filed their joint income tax returns for the years 1952 and 1953 with the *53 district director of internal revenue at Cleveland, Ohio. This summary of the facts, related in more detail in Docket No. 63606, will suffice. In the divorce settlement and decree in 1951 in Ina Mae's divorce action against Gordon Stouffer, she received a relinquishment of Gordon's option, dated in 1937, to purchase her 20,000 shares of $2.50 common stock in The Stouffer Corporation. The option, reciting one dollar consideration, granted Gordon the right to purchase the stock for $40,000. During the years 1952 and 1953 Ina Mae sold some of the shares of $2.50 par value common stock of The Stouffer Corporation, which were in question in Docket No. 63606. In reporting these transactions in their income tax returns for the years 1952 and 1953, petitioners claimed an adjusted basis with respect to these shares of $20 a share. Opinion Respondent admits petitioners used the correct basis if we hold that Gordon realized gain in the sum of $359,999 in the divorce settlement when he relinquished his option to purchase the stock. We so held in Docket No. 63606, therefore, in accordance with the concession, the judgment will be in favor of petitioners. Decision will be entered under *54 Rule 50.